```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                        ELKINS
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                Civ. Action No. 2:14-CR-42-2
                                         (Judge Kleeh)

**MATTHEW LEE CORDERO,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION SEEKING RESENTENCING [ECF NO. 195]

Pending before the Court is a pro se *Motion Seeking Resentencing Pursuant to the First Step Act of 2018 and Other Considerations in Light of Congress Intentions with Sentencing Reform* [ECF No. 195]. For the reasons discussed herein, the Court denies the motion.

### I. BACKGROUND

On February 10, 2015, Defendant Matthew Lee Cordero ("Cordero") pleaded guilty to Distribution of Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On May 18, 2015, he was sentenced to 151 months of incarceration and 3 years of supervised release. On direct appeal, he argued that his two prior felony drug convictions in New Jersey should not have been counted toward his status as a "career offender" under the United States Sentencing Guidelines (the "Sentencing

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION SEEKING RESENTENCING [ECF NO. 195]**

Guidelines"). The United States Court of Appeals for the Fourth Circuit affirmed his sentence. In 2017, Cordero filed a petition under 28 U.S.C. § 2255, but it was denied on technical grounds. He then filed the present motion. Cordero believes that he is entitled to resentencing based on provisions in the First Step Act (Pub. L. No. 115-391) (the "First Step Act"). The Government filed a response in opposition to the motion.

## II.   DISCUSSION

Cordero makes two main arguments: (1) the Government failed to file notice of prior conviction pursuant to 21 U.S.C. § 851 for his sentencing enhancement, and (2) Congress changed the definition of "controlled substance offense" via the First Step Act. The Court will discuss each in turn.

### A.   Sentencing Enhancement

"Before the government can seek enhanced penalties under 21 U.S.C. § 841, it must file an 'information' under 21 U.S.C. § 851, which gives notice of the government's intent to seek enhanced penalties prior to trial or the entry of a plea." United States v. Burress, No. 5:04CR31, 2009 WL 5198296, at *2 (N.D.W. Va. Dec. 22, 2009) (citing United States v. Lincoln, 165 F. App'x 275, 277 (4th Cir. 2006) (unpublished) (per curiam)). The notice requirement, however, does not apply to enhancements under the Sentencing Guidelines based on a defendant's "career

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION SEEKING RESENTENCING [ECF NO. 195]**

offender" status. See Walton v. United States, No. 5:15CV52, 2015 WL 4972784 (N.D.W. Va. Aug. 19, 2015). The distinction was discussed in Drake v. United States:

> Petitioner appears to misunderstand the distinction between a sentence enhancement and an advisory guidelines enhancement. Although petitioner had two prior felony drug convictions, the Government did not file a § 851(a)(1) Notice of Information regarding them. The Government never sought to enhance petitioner's sentence on that basis; nor was it so enhanced. However, petitioner's advisory guideline range *was* enhanced pursuant to U.S.S.G. 4B1.1, on the basis of the prior felony drug convictions, because petitioner's instant offense was his third felony controlled substance offense and he was 18 years or older when he committed it, thus he qualified as a "career offender."

No. 1:09cv128, 2011 WL 1085532, at *8 n.7 (N.D.W. Va. Jan. 27, 2011).

Cordero has a similar misunderstanding of the difference between a sentence enhancement and an advisory guideline enhancement. The enhancement applied to his case was an advisory guideline enhancement pursuant to section 4B1.1 of the Sentencing Guidelines, based on his previous convictions. No mandatory minimum sentence was applicable. Section 851 did not apply to his Cordero's enhancement, so his argument on this issue has no merit.

### B.   Definition of "Controlled Substance Offense"

Cordero argues that the First Step Act changed the definition of "controlled substance offense"[1] in section 4B1.2(b) of the Sentencing Guidelines from a drug offense "punishable by imprisonment for a term exceeding one year" to a "serious drug felony . . . for which the offender served a term of imprisonment of more than 12 months." Because Cordero was sentenced to probation for each of two felonies in New Jersey, he argues that he no longer has two qualifying career offender predicate drug offenses. Cordero's argument is simply incorrect. The First Step Act did not change the definition of "controlled substance offense" under the Sentencing Guidelines.[2]

---

[1] Under the Sentencing Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.

[2] Cordero is likely referring to a provision of the First Step Act providing that "[t]he term 'serious drug felony' means an offense . . . for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instance offense." 21 U.S.C. § 802(58). This language did not change the definition of "controlled substance offense" in section 4B1.1 of the Sentencing Guidelines – and the Guidelines were the basis of Cordero's enhancement.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION SEEKING RESENTENCING [ECF NO. 195]**

### III. CONCLUSION

For the reasons discussed above, Cordero is not entitled to resentencing, and his Motion is **DENIED** [ECF No. 195]. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to the pro se Defendant via certified mail, return receipt requested.

DATED: May 26, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE